UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLOTTE GARST                                 CIVIL ACTION

VERSUS                                          NO: 19-13906

COSTCO WHOLESALE CORPORATION                    SECTION: "H" (3)
et al.

ORDER AND REASONS

     Before the Court are a Motion to Remand (Doc. 7) and a related Motion to Strike Dilatory Affidavit (Doc. 19). For the following reasons, the Motions are **GRANTED**.

BACKGROUND

     This action concerns an alleged slip and fall that occurred at a store in New Orleans. Plaintiff Charlotte Garst originally filed a Petition for Damages in the Civil District Court for the Parish of Orleans, naming the following parties in her suit: (1) Costco Wholesale Corporation; (2) Carrollton Central Plaza Associates Fee Owner LLC; (3) Costco Wholesale Membership, Inc.; (4) Costco Insurance Agency, Inc.; and (5) "ABC" Insurance Company.[1] Plaintiff Garst alleges that she tripped on an unreasonably dangerous condition, and she seeks damages for pain and suffering, medical expenses, and more.

     On November 27, 2019, this action was removed to this Court by Defendants Costco Wholesale Corporation, Costco Wholesale Membership, Inc., and Costco Insurance Agency, Inc. (collectively, the "Costco Defendants"). Plaintiff filed the instant Motion to Remand and set it for submission on

---

[1] Doc. 1.

1

January 15, 2020. Nearly two months after this date passed, Costco Wholesale Corporation ("Costco Wholesale") filed an affidavit to further support its opposition to the Motion to Remand. Plaintiff then filed her Motion to Strike Dilatory Affidavit, emphasizing that Costco Wholesale did not seek leave of court before filing. The Court will address each of Plaintiff's Motions in turn.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[2] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[3] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[4] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."[5] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[6]

## LAW AND ANALYSIS

In their Notice of Removal, the Costco Defendants alleged diversity jurisdiction, explaining that each of the Costco entities in this suit is a foreign corporation. Notably, the Notice of Removal further stated that Defendant Carrollton Central Plaza Associates Fee Owner LLC ("Carrollton Fee Owner")

---

[2] 28 U.S.C. § 1441(a).
[3] Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).
[4] Id.
[5] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[6] Id.

is a Delaware corporation with its principal place of business in Wilmington, Delaware. Accordingly, the Notice of Removal concluded that Carrollton Fee Owner is a Delaware citizen for purposes of diversity jurisdiction.

In the instant Motion to Remand, Plaintiff Garst initially focused on disputing the citizenship of Carrollton Fee Owner. She averred that Carrollton Fee Owner is an LLC, and she argued that because the Notice of Removal did not set forth the citizenship of the LLC members, removal was improper. Defendant Costco Wholesale filed an opposition to her Motion, and in it, Costco Wholesale did not discuss the citizenship of the relevant LLC members but instead asserted, for the first time, that Carrollton Fee Owner was improperly joined in the suit to destroy diversity jurisdiction.[7] Costco Wholesale argued that because it was leasing the property at issue from Carrollton Fee Owner, Carrollton Fee Owner was not a viable party to the suit. As an exhibit, Costco Wholesale attached a 2011 lease between itself and "Carrollton Central Plaza Associates" ("Carrollton Associates"), which is described as a Louisiana partnership. In its opposition, Costco Wholesale vaguely noted that it was "in the process of securing an Affidavit from Mr. Darrell Longo, a representative of Carrollton Central Plaza Associates Fee Owner, LLC confirming the contentions set forth above and evidenced in the attached Ground Lease."[8]

Nearly two months after filing its opposition, Costco Wholesale filed the aforementioned affidavit without seeking leave of court or providing any further explanation for it.[9] In the affidavit, the affiant explains that in 2016, Carrollton Associates transferred ownership of the property at issue to

---

[7] Indeed, in its briefing on the Motion to Strike, Costco Wholesale admits that "[a]fter the Notice of Removal was filed in this Court, it was subsequently discovered that one of the members of Carrollton Central Plaza Associates Fee Owner, LLC is a Louisiana resident." Doc. 23.

[8] Doc. 8.

[9] Doc. 17.

Carrollton Fee Owner. The affiant quotes the original lease, indicating that in the 2016 transfer, Carrollton Fee Owner received a "non-exclusive" right to use the property, including any improvements to it. In her Motion to Strike, Plaintiff Garst asks the Court to strike the affidavit from the record and disregard it in deciding her Motion to Remand.

## I.      Motion to Strike Dilatory Affidavit

Plaintiff argues that because Costco Wholesale has not shown good cause and excusable neglect to justify its belated filing, the Court should strike it from the record. Plaintiff avers that the dilatory affidavit is effectively a sur-reply to the Motion to Remand, attempting to defeat the points that Plaintiff made in her reply. In response, Costco Wholesale avers that Plaintiff's Motion to Strike ignores 28 U.S.C. § 1653, which states that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[10]

As Plaintiff notes, Local Rule 7.2 provides that a motion submission date is the date a motion is "deemed submitted to the court for decision, after which no further briefing will be allowed, except with prior leave of court."[11] Local Rule 7.5 further provides that "[i]f the opposition requires consideration of facts not in the record, counsel must also file and serve all evidence submitted in opposition to the motion with the memorandum."[12] The submission date for Plaintiff's Motion to Remand was January 15, 2020. The affidavit at issue was filed without leave of court on March 3, 2020.

Federal Rule of Civil Procedure 6(b) governs the extension of deadlines and provides as follows:

---

[10] 28 U.S.C. § 1653.
[11] LR 7.2.
[12] LR 7.5.

4

> **(b) Extending Time.**
>
> > (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> >
> > > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> > >
> > > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.[13]

Costco Wholesale let its deadline pass and then submitted its filing without motion, yet the Defendant makes no attempt to show good cause and excusable neglect. Its briefing is silent as to the reason for its delay in filing the affidavit. Instead, Costco Wholesale reminds the Court that its opposition to the Motion to Remand "explicitly states that Costco is in the process of obtaining Mr. Longo's affidavit."[14] However, Costco Wholesale cites no law, and the Court is aware of none, that allows a party to extend its own deadline and defy the local rules based on its own explicit statements.

Rather than trying to show good cause or excusable neglect, Costco Wholesale focuses on 28 U.S.C. § 1653. Costco Wholesale avers that because its Notice of Removal was defective insofar as it incorrectly listed Carrollton Fee Owner's citizenship as Delaware, Costco Wholesale was permitted to amend its defective allegations under 28 U.S.C. § 1653. Costco Wholesale cites two cases in support of this point, and both are inapposite.

In *Tech Hills II Associates v. Phoenix Home Life Mutual Insurance Company*, the Sixth Circuit considered whether a district court correctly

---

[13] Fed. R. Civ. P. 6(b).
[14] Doc. 23.

5

granted a defendant leave to amend a removal petition to include additional allegations of citizenship.[15] The Sixth Circuit affirmed and wrote that "amendments should be permitted to implement the spirit of the statute and rules."[16] Costco Wholesale extrapolates from this and avers that its dilatory affidavit should similarly be permitted. In *Tech Hills*, however, the defendant had sought leave of court for its filing, unlike Costco Wholesale did here.[17] Also, in *Tech Hills*, the defendant was directly amending its removal petition, not submitting an affidavit to support and expand its argument for removal.[18] *Tech Hills* is therefore inapplicable to the facts of this case.

In *Gibson v. American Cyanamid Company*, the Seventh Circuit evaluated the citizenship of a certain party for jurisdictional purposes.[19] In doing so, the court ordered the parties to file memoranda.[20] Along with its briefing, the defendant at issue, an LLC, filed an affidavit declaring the citizenship of its one member.[21] The plaintiff asked the court to disregard the affidavit because it conflicted with what the defendant had stated in its initial answer to the complaint.[22] The court, however, accepted the affidavit, writing that "where subject matter jurisdiction turns on actual facts, the pleadings are not the end-all of determining the facts."[23]

The *Gibson* court says nothing about the timeliness of the affidavit that the defendant filed, leaving this Court to presume it was filed consistently with the briefing instructions and deadlines set by the Seventh Circuit. Further,

---

[15] 5 F.3d 963, 969 (6th Cir. 1993).
[16] *Id.* (quoting Gafford v. Gen. Elec. Co., 997 F.2d 150, 164 (6th Cir.1993)).
[17] *See id.*
[18] *See id.* at 968–69.
[19] 760 F.3d 600, 606–08 (7th Cir. 2014).
[20] *Id.* at 606.
[21] *Id.*
[22] *Id.*
[23] *Id.* at 606–07.

unlike the *Gibson* court, this Court is not evaluating a straightforward issue of citizenship. The *Gibson* case, therefore, has not persuaded this Court to accept the dilatory affidavit that Costco Wholesale filed here, without leave of court. Accordingly, the Court will strike the affidavit from the record.

## II.    Motion to Remand

As the Court noted, Plaintiff's Motion to Remand initially focused on the citizenship of Carrollton Fee Owner. After Costco Wholesale filed its opposition and changed its argument, Plaintiff filed her reply and continued to move for remand. She now argues that Costco Wholesale should not be allowed to effectively amend the Notice of Removal to assert a new jurisdictional basis for removal—namely, improper joinder of Carrollton Fee Owner.

In its briefing on the Motion to Strike, Costco Wholesale avers that it has consistently alleged fraudulent joinder since filing its Notice of Removal. Costco Wholesale directs the Court to Paragraph 19 of its Notice of Removal, which reads as follows:

> A state court action may be removed to federal court on the basis of diversity jurisdiction when a non-diverse defendant has been improperly joined to defeat diversity. The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." A finding of improper joinder is warranted when there is "***no reasonable basis*** for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." In this context, a "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."[24]

---

[24] Doc. 1 at 6 (internal citations omitted).

Notably, however, the Notice of Removal made no mention of any non-diverse defendant in the instant suit.

"Where a notice of removal fails to state a proper basis for removal, a defendant generally will not be permitted to amend the notice after the close of the thirty day removal period."[25] In *Martinez v. Lone Star Industries*, the defendants filed a notice of removal, alleging that all of the defendants were diverse in citizenship from the plaintiffs.[26] The defendants did not challenge that a certain defendant, a supervisor at a cement facility, was domiciled in Louisiana, nor did they challenge whether the supervisor was properly joined.[27] The plaintiffs moved for remand, noting that the supervisor was a Louisiana citizen and that the plaintiffs filed suit in Louisiana, rendering removal improper.[28] Days after the plaintiffs filed the motion, the defendants moved to amend their notice of removal, contending for the first time that the supervisor was fraudulently joined.[29]

In a short opinion, the Eastern District of Louisiana did not address whether the supervisor was perhaps fraudulently joined but instead held that "a notice of removal may not be amended to add a missing allegation that a non-diverse party has been improperly joined in order to defeat diversity jurisdiction."[30] Other courts have issued similar rulings.[31]

---

[25] Martinez v. Lone Star Indus., No. Civ. A. 05-2540, 2005 WL 2050294, at *2 (E.D. La. Aug. 16, 2005) (internal quotations omitted).

[26] *Id*. at *1.

[27] *Id*.

[28] *Id*.

[29] *Id*.

[30] *Id*. at *2.

[31] *See, e.g.*, Superior Home Health Servs., LLC v. Phila. Indem. Ins. Co., Civil Action No. 2:17–CV–52–AM–CW, 2018 WL 1876288, at *3 (W.D. Tex. Feb. 14, 2018) ("Philadelphia Indemnity has waived the improper joinder argument by failing to raise it in the notice of removal."); Pacheco v. Am. Smelting & Ref. Co., Inc., No. EP-05-CA-142-PRM, 2005 WL 1404152, at *3 (W.D. Tex. June 1, 2005) ("Consideration of the fraudulent joinder argument at this juncture would amount to an improper amendment of Defendants' removal petition to state an entirely new basis for removal jurisdiction.").

Here, the Costco Defendants have not even tried to formally amend their Notice of Removal. Instead, in its opposition to Plaintiff's Motion to Remand, Costco Wholesale asserted for the first time that Carrollton Fee Owner was a non-diverse defendant that had been improperly joined. Clearly, Costco Wholesale altered its removal argument after realizing that Carrollton Fee Owner was in fact a Louisiana citizen. Costco Wholesale then attempted to rely on the boilerplate improper joinder language included in its Notice of Removal. The Court finds, however, that this boilerplate language cannot save Costco Wholesale from remand.[32] This language was not at all case specific; it could be copied and pasted into any Notice of Removal based on diversity jurisdiction. Even considering this language, the Notice of Removal never alleged that Plaintiff Garst had sued a non-diverse defendant. The Court, therefore, will not allow Costco Wholesale to effectively amend the Notice of Removal now, months after the Notice of Removal was filed, to allege not only that Garst sued a non-diverse defendant but that she improperly did so.[33]

## CONCLUSION

For the forgoing reasons, the Motion to Remand (Doc. 7) and the related Motion to Strike Dilatory Affidavit (Doc. 19) are **GRANTED**. The affidavit (Doc. 17) is **STRICKEN** from the record, and this case is **REMANDED** to the Civil District Court for the Parish of Orleans.

---

[32] *See* Cranston v. Mariner Healthcare Mgmt. Co., 2003 WL 21517999, at *3–4 (N.D. Miss. June 18, 2003) (disregarding general boilerplate allegations in plaintiffs' complaint).

[33] The Court further notes that the improper joinder argument appears unpersuasive. Even considering the belated affidavit filed without leave of court, Costco Wholesale fails to show that there is no possibility of recovery against Carrollton Fee Owner. The affidavit does not attach the 2016 conveyance it references, and the lease at issue grants the lessee only a "non-exclusive" right to the premises where Plaintiff allegedly suffered her injury. This leaves the Court unclear on how much control Carrollton Fee Owner would have maintained over the property and its improvements.

New Orleans, Louisiana this 18th day of June, 2020.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**